Jacob Markowitz, J.
Defendant Goodbody & Co. moves for dismissal for legal insufficiency of each cause of action stated in the amended complaint. Plaintiff alleges two causes in libel and one in prima facie tort. The acts and wrongs of which complaint is made occurred in Switzerland. The original complaint was dismissed upon the ground that the allegation that *393 the acts and conduct constitute an actionable wrong under the laws of Switzerland was the pleader’s conclusion of the effect of that law, whether statutory or decisional, and the opinion concluded: “ * * * the * * * claims in libel and intentional infliction of harm * * present questions of such nicety and refinement that it cannot be said that it may be fairly assumed the facts set out in the complaint create a cause of action in a foreign country, or that they are likely to constitute a wrong giving rise to a cause of action, or that no difficulty should be encountered, particularly in bringing to the court accurate knowledge of the foreign law.” The statutory law relied on is now set out in the amended complaint. Defendant does not allege that causes cognizable under the law of Switzerland are not set forth. Bather it urges that New York rules of pleading govern and since asserting the publications are not libelous per se, failure to make them libelous by aid of allegation of intrinsic facts and allegation of special damage renders the causes insufficient. Buies of pleading do not govern the substantive elements of a proper pleading of a particular grievance. What is a libel under the law of Switzerland remains a libel in New York if there exists here a remedy to redress the wrong. The remedy of libel, of course, exists and it is the libel under the law of Switzerland which by this action and remedy the plaintiff seeks to redress. Since it is not argued that a libel under the law of Switzerland does not exist or that the quoted statutes do not sustain the alleged causes of action, defendant cannot support its contention of insufficiency by reliance on the requisite elements of a cause of action in libel under New York law.
The third cause of action is not in libel but rather in tort and charges intentional infliction of injury. Such a remedy exists here. It is not urged that the cause of action for which a remedy does exist and suitable for the redress of the wrong is not set forth in the quoted statutory law.
The court reaches the conclusion that in each cause of action no substantive element is missing or improperly and ineffectively pleaded. If it were essential to a statement of these causes to allege every element thereof, as required under the New York law, defendant’s objection on its original motion that the law of Switzerland was not set forth would have been futile and the dismissal for failure to allege that law would have been meaningless.
The motion is denied.